

**FILED**

**July 28, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 10:39 AM**



**COURT OF WORKERS' COMPENSATION CLAIMS
AT NASHVILLE**

| | | |
|---|---|---|
| Stephanie Ballard, | ) | **DOCKET #: 2014-06-0085** |
|     Employee, | ) | |
| v. | ) | **STATE FILE #:62509-2014** |
| Christian Broadcast Network, Inc., | ) | |
|     Employer, | ) | **DATE OF INJURY: August 6, 2014** |
| and | ) | |
| The Hartford, | ) | **Judge Baker** |
|     Carrier. | ) | |

**EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF**

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge on July 15, 2015, upon the amended Request for Expedited Hearing filed by Stephanie Ballard, the employee, on June 1, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014), to determine if the employer, Christian Broadcast Network, Inc. (CBN), is obligated to provide medical and temporary disability benefits. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Ms. Ballard has not carried her burden of proving entitlement to temporary disability or medical benefits at this time.

**ANALYSIS**

**Issues**

1.  Whether CBN must provide Ms. Ballard with additional medical care for her wrist injury.

2.  Whether CBN must reimburse Ms. Ballard for past medical expenses and mileage.

3.  Whether CBN must pay Ms. Ballard any past or future temporary total or temporary partial disability benefits and, if so, the amount of those benefits.

## Evidence Submitted

The Court admitted the exhibits listed below into evidence:

Exh. A      Medical Records of Stephanie Ballard;[1]
Exh. B      Affidavit of Stephanie Ballard, dated May 29, 2015;
Exh. C      Medical records of Dr. James Anderson;
Exh. D      Medical records of Dr. N.K. Singh;
Exh. E      Form C-30A completed by Dr. Singh on January 28, 2015;
Exh. F      Medical records of Dr. N.K. Singh;
Exh. G      Medical Certificate completed by Dr. Singh on January 21, 2015.

The Court designates the following as the technical record:

- Dispute Certification Notice and attached documents including Petition for Benefit Determination, January 29, 2015;
- Show Cause Order, May 6, 2015;
- Request for Expedited Hearing, May 14, 2015;
- Amended Request for Expedited Hearing, June 1, 2015;
- Wage Statement;
- Change of Address Notice for attorney T. Tamara Gauldin and attached letter.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

In addition to these exhibits and the technical record, Ms. Ballard provided in-person testimony at the hearing.

## History of Claim

Ms. Ballard is a thirty-four-year-old resident of Davidson County, Tennessee. Ms. Ballard worked for CBN in the area of telephone ministry. Her job duties required her to talk with individuals seeking help from the ministry and pray with them. Her job duties also included typing.

While working on August 6, 2014, Ms. Ballard suffered an injury when her chair fell over. CBN provided temporary disability, medical care and several panels of physicians. After receiving treatment through U.S. Healthworks for several months, Ms. Ballard selected Dr. N.K. Singh, an orthopedic specialist, to provide further care.

---

[1] Several of the exhibits contain duplicate copies of these medical records. For simplicity, the Court has cited to the individual exhibits, rather than Exhibit A, whenever possible.

Dr. Singh examined Ms. Ballard on November 26, 2014. (Ex. D.) The physical examination of her wrists revealed "full flexion and extension, radial and ulnar deviation with some discomfort. She has some tenderness to the volar aspect of the right and left wrist." Dr. Singh diagnosed Ms. Ballard with cervicalgia, cervical strain and paresthesias of the right and left upper extremities. Dr. Singh also provided the following in his treatment notes: "It is my opinion that although her work related injury has contributed to more than 50% of her current neck complaints, I would not expect her current hand complaints to be a continued complaint related to her injury of August 6, 2014." *Id.* at 3.

Dr. Singh released Ms. Ballard to return to work without restrictions on November 26, 2014, but advised her that she might benefit from a nerve conduction study. *Id.* He also scheduled her to return for a follow-up in two to three weeks. *Id.* at 4. Ms. Ballard did not return for the follow-up. After Dr. Singh released her to return to work, CBN stopped paying Ms. Ballard temporary disability benefits.

On December 30, 2014, Dr. Singh completed a C-30A Final Medical Report form where he wrote that Ms. Ballard could return to work without restrictions on November 26, 2014. *Id.* at 5. Dr. Singh also indicated, on the same form, that Ms. Ballard had reached maximum medical improvement (MMI) on December 17, 2014, and retained no permanent physical impairment from her August 6, 2014 injury. *Id.*

CBN agreed to pay for the nerve conduction study recommended by Dr. Singh. After Ms. Ballard had undergone the nerve conduction study, she returned to Dr. Singh to discuss the results. (Ex. F.) The nerve study did not reveal any deficiencies in Ms. Ballard's upper extremities that would explain the source of her wrist pain. *Id.* In his treatment notes, Dr. Singh stated, "[H]er current complaints are no longer related to her injury of August 6, 2014." *Id.* Dr. Singh advised Ms. Ballard to continue with her physical therapy exercises at home and to follow-up with her primary care physician for treatment outside of the workers' compensation system. *Id.*

On January 21, 2015, Dr. Singh completed a Medical Certificate—a form provided by the Tennessee Department of Labor and Workforce Development's Unemployment Insurance Division—concerning his treatment of Ms. Ballard. (Ex. G.) In that form, Dr. Singh indicated that he had treated Ms. Ballard for cervicalgia, cervical strain and parasthesias of the right and left upper extremities. *Id.* Dr. Singh also indicated that Ms. Ballard's last period of employment caused these conditions and that Ms. Ballard could return to regular duty on January 21, 2015. *Id.* The form further asked Dr. Singh to state whether "the injury or condition was serious enough to necessitate leaving usual work." *Id.* Dr. Singh did not complete this portion of the form, but, directly below this question, Dr. Singh wrote "11/26/14" to "1/21/15" as the period of time for which Ms. Ballard's injuries prevented her from performing her usual work. *Id.*

On January 28, 2015, Dr. Singh completed a second form C-30A Final Medical Report where he again indicated that Ms. Ballard had no permanent impairment and could return to work without restrictions. (Ex. E.) In this report, however, Dr. Singh stated that Ms. Ballard reached MMI on January 21, 2015. *Id.*

Ms. Ballard filed a Petition for Benefit Determination (PBD) on December 10, 2014, seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation and the Mediation Specialist filed the Dispute Certification Notice (DCN) on January 29, 2015. The Court held a show cause hearing on May 4, 2015, when Ms. Ballard failed to request a hearing within sixty days. The Court allowed Ms. Ballard additional time to file a request for hearing and she filed a Request for Expedited Hearing on May 14, 2015. She filed her amended Request for Expedited Hearing thereafter.

## Ms. Ballard's Contentions

Ms. Ballard argues that she suffered a compensable wrist injury and CBN should pay for her treatment. She further claims that the wrist injury has prevented her from working, so CBN should also pay her additional temporary disability benefits. As proof of compensability and her inability to work, Ms. Ballard points to the Medical Certificate Dr. Singh completed on January 21, 2015.

## CBN's Contentions

CBN argues that Ms. Ballard's current wrist complaints are not related to her August 6, 2014 injury. For that reason, she cannot recover additional medical benefits for this condition. CBN further argues that Ms. Ballard recovered from her work-related conditions, cervicalgia and a cervical strain, on November 26, 2014; Dr. Singh released her to return to work that same day. Because she recovered from these conditions and Dr. Singh released her to return work, CBN maintains that Ms. Ballard cannot recover additional temporary disability benefits.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063,

4

2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

*Factual Findings*

Ms. Ballard suffered an injury when she fell from her chair while working at CBN on August 7, 2014. Ms. Ballard selected Dr. N.K. Singh from a panel provided by CBN as the treating orthopedic specialist. Dr. Singh completed two C-30A forms, one Medical Certificate and made notes concerning Ms. Ballard's treatment. The C-30A forms and the Medical Certificate provide conflicting information as to the date Dr. Singh placed Ms. Ballard at maximum medical improvement and opined that she could return to work without restrictions. The treatment notes and the Medical Certificate provide conflicting information on whether Ms. Ballard's current complaints of wrist pain resulted from her August 6, 2014 workplace injury.

*Application of Law to Facts*

Resolution of the disputes presented through this Request for Expedited Hearing turns solely upon Dr. Singh's opinion on two issues: (1) the date Ms. Ballard could return to work without restriction and (2) whether the August 6, 2014 workplace accident caused Ms. Ballard's current wrist conditions.

With respect to the first issue, Dr. Singh completed three forms that address Ms. Ballard's release to return to work at full duty. The first form, a C-30A that Dr. Singh completed on December 30, 2014, indicated that Ms. Ballard could return to regular duty on November 26, 2014. (Ex. D, p. 5.) On the second form, a Medical Certificate that Dr. Singh signed on January 21, 2015, Dr. Singh wrote "11/26/14" to "1/21/15" as the period of time for which Ms. Ballard's injuries prevented her from performing her usual work. (Ex. G.) Dr. Singh also listed cervicalgia, cervical strain and parasthesias of the right and left upper extremities as the conditions that he treated, and further indicated that Ms. Ballard's last period of employment caused these conditions. *Id.* However, Dr. Singh failed to "circle" an answer to the direct question of whether Ms. Ballard's injury was "serious enough to necessitate leaving usual work[.]" *Id.* The third form, another C-30A that Dr. Singh completed on January 28, 2015, indicated that Ms. Ballard could return to regular duty on January 21, 2015. (Ex. E.)

The Court finds that the different release dates Dr. Singh provided on the C-30A forms and the Medical Certificate cannot be reconciled. The date Dr. Singh released Ms. Ballard to return to work is significant because Ms. Ballard has asked the Court to order CBN to pay her additional temporary disability benefits from November 26, 2014. Under the Workers' Compensation Law, entitlement to temporary total disability benefits ends

5

whenever an employee is able to return to work or attains maximum medical improvement. *See Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978).

Ms. Ballard bears the burden of proving every element of her claim including that she could not return to work after November 26, 2014, because of her workplace injury. *See* Tenn. Code Ann. § 50-6-239 (c)(6) (2014). Furthermore, while Ms. Ballard must only prove a likelihood of success on the merits to gain benefits at an expedited hearing, she must supply sufficient competent proof.

Here, because the cause of the injuries she suffered is neither simple nor routine, Ms. Ballard must present expert medical proof of a causal relationship between her workplace injuries and her alleged inability to perform her job duties after November 26, 2014. *See Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991) ("Except in the most obvious, simple and routine cases, the claimant in a workers' compensation action must establish by expert medical evidence the causal relationship alluded to above between the claimed injury (and disability) and the employment activity.").

Based on the evidence presented, however, this Court cannot determine when Dr. Singh released Mr. Ballard to return to full duty work, as his expert opinions contain two possible, yet irreconcilable, release dates. Without a clear opinion, Ms. Ballard is unlikely to prevail on this issue at a hearing on the merits. Accordingly, the Court must deny her request for temporary disability benefits at this time.

With respect to the second issue, whether the August 6, 2014 workplace accident caused Ms. Ballard's current wrist conditions, both parties have relied on Dr. Singh in support of their positions. CBN points to the medical records in support of its position that Ms. Ballard's current wrist problems are not related to her August 6, 2014 workplace accident. Dr. Singh included the following in his treatment notes: "It is my opinion that although her work related injury has contributed to more than 50% of her current neck complaints, I would not expect her current hand complaints to be a continued complaint related to her injury of August 6, 2014." (Ex. D, p. 3.)

Ms. Ballard cites the Medical Certificate Dr. Singh completed on January 21, 2015, where he indicated that he had treated Ms. Ballard for cervicalgia, cervical strain and parasthesias of the right and left upper extremities. (Ex. G.) In the Medical Certificate, Dr. Singh also indicated that Ms. Ballard's last period of employment caused these conditions. *Id*.

In comparing the two exhibits, the Court finds CBN's position more persuasive. In the treatment notes, Dr. Singh specifically stated that he did not "expect" Ms. Ballard's "current hand complaints" to be related to her August 6, 2014 workplace accident. Dr. Singh confirmed his suspicions by reviewing the results of a nerve conduction study, which revealed no irregularities. (Ex. F.) Concerning the Medical Certificate, while it is

true that Dr. Singh included parasthesias of the right and left upper extremities as a condition for which he treated Ms. Ballard, the inclusion does not mean that it was the wrist condition alone that prohibited her from working. Furthermore, Dr. Singh's inclusion of the condition on the Medical Certificate does not constitute an opinion that her current wrist conditions arose primarily out of her employment for CBN.

At this Expedited Hearing, Ms. Ballard has the burden of proving a likelihood of success at a final compensation hearing on the issues presented. While she would not normally be required to prove medical causation at an Expedited Hearing, the Court finds that Ms. Ballard had a duty to present some countervailing proof to overcome Dr. Singh's opinion that her work at CBN did not cause her current wrist complaints. Because she presented no countervailing medical proof, she failed to carry her burden and her request for medical benefits is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Ballard's claim against CBN and The Hartford for the requested temporary disability and medical benefits is denied. At this time, Ms. Ballard has not come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits.

2. This matter is set for Initial Hearing on September 14, 2015, at 10 a.m.

**ENTERED THIS THE 28th DAY OF JULY, 2015.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with Judge Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing.

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

7

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.  File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten (10) calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten (10) calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

6.  If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the

interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of July, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|------|
| Stephanie Ballard | X | | | | X | spnailsalon@gmail.com |
| T. Tamara Gauldin | | | | | X | Tamara.gauldin@thehartford.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**